O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THALIA M. LEMELLE,

            Plaintiff,

    v.

WORLD SAVINGS BANK, FSB;
WELLS FARGO BANK N.A., d/b/a
WELLS FARGO HOME MORTGAGE;
GOLDEN WEST SAVINGS
ASSOCIATION SERVICES COMPANY
as TRUSTEE; NBS DEFAULT
SERVICES, as Trustee,

            Defendants.

_____

Case No. CV 12-01937 DDP (VBKx)

**ORDER GRANTING PLAINTIFF'S
APPLICATION FOR A TEMPORARY
RESTRAINING ORDER AND DIRECTING
DEFENDANTS TO SHOW CAUSE WHY THIS
CASE SHOULD NOT BE REMANDED**

[Motion filed on March 14, 2012]

    This matter comes before the court on Plaintiff Thalia M.
Lemelle's application for a temporary restraining order ("TRO").
After reviewing and considering the materials submitted by
Plaintiff, the court GRANTS the application.

**I.  Background**

    On January 30, 2012, Plaintiff filed a verified complaint in
Los Angeles County Superior Court alleging seven state causes of
action, including violation of California Civil Code § 2923.5,
against Defendants in connection with their attempt to foreclose

1  upon Plaintiff's home, located at 5260 Veronica Street, Los

2  Angeles, California 90008.  On February 22, 2012, the state court

3  granted Plaintiff a TRO, restraining Defendants from conducting a

4  Trustee Sale of Plaintiff's home, and issued an Order to Show Cause

5  why a preliminary injunction should not issue.  (Plaintiff's

6  Application for TRO, Ex. B.)  Defendants' opposition was due by

7  March 7, 2012.  (Id.)

8      Defendants did not file an opposition to the state court Order

9  to Show Cause.  Instead, Defendants removed to this court on the

10  basis of diversity jurisdiction.  Plaintiff now seeks a TRO from

11  this court.

12  **II. Legal Standard**

13      The Supreme Court set forth the standard for assessing a

14  motion for preliminary injunction in Winter v. Natural Resources

15  Defense Council, Inc., 129 S. Ct. 365, 376 (2008).  "Under Winter,

16  plaintiffs seeking a preliminary injunction must establish that (1)

17  they are likely to succeed on the merits; (2) they are likely to

18  suffer irreparable harm in the absence of preliminary relief; (3)

19  the balance of equities tips in their favor; and (4) a preliminary

20  injunction is in the public interest."  Sierra Forest Legacy v.

21  Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

22  **III.  Discussion**

23    Having reviewed Plaintiff's pleadings and without the benefit of

24  an opposition from Defendants, the court concludes that Plaintiff

25  has made a showing of likelihood of success on the merits and that

26  the balance of hardships weighs heavily in favor of issuing the

27  TRO.

28

1       Plaintiff asserts that Defendants failed to comply with

2   California Civil Code § 2923.5, which requires that a mortgagee,

3   beneficiary, or authorized agent contact, or attempt to contact, a

4   borrower to discuss options for the borrower to avoid foreclosure

5   before filing a Notice of Default.  Cal. Civ. Code § 2923.5.  A

6   foreclosure sale cannot proceed without a valid Notice of Default.

7   Mabry v. Superior Court, 185 Cal.App.4th 208, 223 (2010).

8       Plaintiff has, therefore, shown a likelihood of success on the

9   merits.  The improper sale of Plaintiff's home in the absence of a

10  TRO would likely cause Plaintiff immediate, irreparable harm.  It

11  does not appear that Defendants will suffer any great injury should

12  a TRO issue.  Further, given the improprieties alleged here, the

13  court concludes that a TRO would benefit the public interest in

14  maintaining the integrity of California's non-judicial foreclosure

15  procedures.

16      Therefore, at this time, the court is persuaded that a TRO

17  should issue.  The court will consider Defendants' arguments at the

18  upcoming hearing for a preliminary injunction.

19      Accordingly, it is hereby ordered that Defendants and

20  Defendants' respective agents, employees, representatives, and all

21  persons acting under Defendants' direction are enjoined from

22  foreclosing on the certain real property located at 5260 Veronica

23  Street, Los Angeles, California 90008, or from taking any further

24  action in an attempt to foreclose on or conduct a Trustee's Sale of

25  Plaintiff's residence.

26      Furthermore, Defendants are ordered to show cause why this

27  case should not be remanded to state court for lack of

28  jurisdiction.  See Hershcu v. Wells Fargo Bank, N.A., 2012 WL

3

1  439698 * 2 (S.D. Cal. 2012) ("California Civil Code Section 2924,

2  which allows for declarations of nonmonetary status, does not

3  render a defendant a sham defendant or a purely nominal party.").

4  **IV.   Discussion**

5      For the foregoing reasons, the court GRANTS Plaintiff's

6  application for a TRO.

7      In addition, a Preliminary Injunction Hearing and Order to

8  Show Cause hearing re: jurisdiction is set for Monday, March 19,

9  2012 at 11:30 a.m.

10

11 IT IS SO ORDERED.

12

13

14 Dated: March 14, 2012

                                    DEAN D. PREGERSON
15                                  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28