O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THALIA M. LEMELLE, | ) | Case No. CV 12-01937 DDP (VBKx) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND DIRECTING DEFENDANTS TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED** |
| WORLD SAVINGS BANK, FSB; WELLS FARGO BANK N.A., d/b/a WELLS FARGO HOME MORTGAGE; GOLDEN WEST SAVINGS ASSOCIATION SERVICES COMPANY as TRUSTEE; NBS DEFAULT SERVICES, as Trustee, | ) ) ) ) ) ) ) | |
| | ) | [Motion filed on March 14, 2012] |
| Defendants. | ) ) | |
| _____ | ) | |

    This matter comes before the court on Plaintiff Thalia M. Lemelle's application for a temporary restraining order ("TRO"). After reviewing and considering the materials submitted by Plaintiff, the court GRANTS the application.

**I. Background**

    On January 30, 2012, Plaintiff filed a verified complaint in Los Angeles County Superior Court alleging seven state causes of action, including violation of California Civil Code § 2923.5, against Defendants in connection with their attempt to foreclose

upon Plaintiff's home, located at 5260 Veronica Street, Los Angeles, California 90008.  On February 22, 2012, the state court granted Plaintiff a TRO, restraining Defendants from conducting a Trustee Sale of Plaintiff's home, and issued an Order to Show Cause why a preliminary injunction should not issue.  (Plaintiff's Application for TRO, Ex. B.)  Defendants' opposition was due by March 7, 2012.  (Id.)

Defendants did not file an opposition to the state court Order to Show Cause.  Instead, Defendants removed to this court on the basis of diversity jurisdiction.  Plaintiff now seeks a TRO from this court.

**II. Legal Standard**

The Supreme Court set forth the standard for assessing a motion for preliminary injunction in Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008).  "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."  Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

**III.  Discussion**

Having reviewed Plaintiff's pleadings and without the benefit of an opposition from Defendants, the court concludes that Plaintiff has made a showing of likelihood of success on the merits and that the balance of hardships weighs heavily in favor of issuing the TRO.

1    Plaintiff asserts that Defendants failed to comply with
2 California Civil Code § 2923.5, which requires that a mortgagee,
3 beneficiary, or authorized agent contact, or attempt to contact, a
4 borrower to discuss options for the borrower to avoid foreclosure
5 before filing a Notice of Default.  Cal. Civ. Code § 2923.5.  A
6 foreclosure sale cannot proceed without a valid Notice of Default.
7 Mabry v. Superior Court, 185 Cal.App.4th 208, 223 (2010).
8    Plaintiff has, therefore, shown a likelihood of success on the
9 merits.  The improper sale of Plaintiff's home in the absence of a
10 TRO would likely cause Plaintiff immediate, irreparable harm.  It
11 does not appear that Defendants will suffer any great injury should
12 a TRO issue.  Further, given the improprieties alleged here, the
13 court concludes that a TRO would benefit the public interest in
14 maintaining the integrity of California's non-judicial foreclosure
15 procedures.
16    Therefore, at this time, the court is persuaded that a TRO
17 should issue.  The court will consider Defendants' arguments at the
18 upcoming hearing for a preliminary injunction.
19    Accordingly, it is hereby ordered that Defendants and
20 Defendants' respective agents, employees, representatives, and all
21 persons acting under Defendants' direction are enjoined from
22 foreclosing on the certain real property located at 5260 Veronica
23 Street, Los Angeles, California 90008, or from taking any further
24 action in an attempt to foreclose on or conduct a Trustee's Sale of
25 Plaintiff's residence.
26    Furthermore, Defendants are ordered to show cause why this
27 case should not be remanded to state court for lack of
28 jurisdiction.  See Hershcu v. Wells Fargo Bank, N.A., 2012 WL

3

439698 * 2 (S.D. Cal. 2012) ("California Civil Code Section 2924, which allows for declarations of nonmonetary status, does not render a defendant a sham defendant or a purely nominal party.").

**IV. Discussion**

    For the foregoing reasons, the court GRANTS Plaintiff's application for a TRO.

    In addition, a Preliminary Injunction Hearing and Order to Show Cause hearing re: jurisdiction is set for Monday, March 19, 2012 at 11:30 a.m.

IT IS SO ORDERED.

Dated: March 14, 2012

                              DEAN D. PREGERSON
                              United States District Judge